Drake, Cb. J,,
delivered tbe opinion of the court:
By tlie uAct to create an Auditor of Railroad Accounts and for other purposes,” approved June 19, 1878 (20 Stat. L., 109), and which took effect on the 1st of July, 1878, the salary of that officer was fixed at $5,000.
Section 2 of that act contained this provision:
“ And the sum of twelve thousand dollars is hereby appropriated for the uses and purposes of this act for the fiscal year ending June thirtieth, anno Domini eighteen hundred and seventy-nine.”
The claimant was appointed to the office so established, and still holds it.
For the fiscal year aforesaid he received the $5,000 salary; which must have been paid out of that appropriation, for there was no other which could apply to it.
The Act June 21, 1879 (21 Stat. L., 23), malting appropriations for the legislative, executive, and judicial expenses of the government for the fiscal year ending June 30,1880, and for other purposes,” appropriated only $3,600 for the Auditor of Railroad Accounts; which amount the claimant has received.
He now sues to recover the remaining $1,400, which he claims to be due on his salary for that year ■ and the defendants demur to his petition. The sole question presented by the demurrer whether he is entitled to recover that sum.
If the appropriation of $3,600 had been accompanied by legislative declaration that it should be in u in full compensation” for the claimant’s services during the fiscal year-for which it was made, his acceptance of that amount for that year would, if the decision of this court in Fisher’s Case (15 C. Cls., R., 323) were followed, bar his recovery of any more. But no such words, applicable to the claimant, are to be found in the appropriation act of June 21, 1879, above referred to.
The first section of that act declares, u that for the purpose of providing for the legislative, executive, and judicial expenses of the government for the fiscal year ending June 30, 1880, there is hereby appropriated, out of any money in the treasury not otherwise appropriated, the same sums of money and for the like purposes (and continuing the same provisions relating thereto), as were appropriated for the service of the fiscal year ending *421 June 30, 1879, by the act entitled ‘An act making appropriations for tbe legislative, executive, and judicial expenses of the government for the fiscal year ending June 30th, 1879, and for other purposes,’ approved June 19,1878, * * * subject to all the limitations and conditions in respect to the disbursement of the appropriations hereby made that were imposed by said act and the other laws of the United States upon or in respect to the appropriations made by said act.”
Recurring now to the act of June 19, 1878, we find these two provisions:
1. “ That the following sums be, and the same are hereby, appropriated * * * in full compensation for the service of the fiscal year ending June 30th, 1879, for the objects hereinafter expressed”; and
2. “That all acts and parts of acts inconsistent or in conflict with the provisions of this act are hereby repealed.”
It was by this act that the appropriation of |2,600 for the salary of Fisher, as chief justice of the Territorial court of Wyoming, was made, when the law establishing the court fixed his salary at $3,000.
He sued for the difference between the legally fixed salary and the appropriation; and the majority of the court held, that having received the $2,600, under an act declaringthat itshould be “in full compensation for the service of the fiscal year,” and that all acts and parts of acts inconsistent or in conflict with the provisions of that act were thereby repealed, he was entitled to no more than the amount appropriated.
But this claimant’s case differs from that of Fisher in this vital particular, that the words “in full compensation” though, in effect, included in the act of 1879, apply only to “ the same sums of money and for the like purposes”, which werp appropriated by the act of 1878, and were adopted in gross, without specific and detailed statement, in the act of 1879; and in the act of 1878 there was no appropriation for the salary of Auditor of Railroad Accounts; but, as before stated, the appropriation for his salary for the fiscal year ending June 30th, 1879, was contained in the act creating his office.
When, therefore, the act of 1879 appropriated only $3,600 for the claimant’s salary, with no declaration that that sum should be “in full compensation” for his services in the fiscal year for which the appropriation was made, and with no clause repeal *422 ing acts inconsistent or in conflict with, the provisions of that act, the reduced appropriation did not in any degree affect the . law establishing the claimant’s salary at $5,000, nor his right to receive that sum. It was simply a case of inadequate appropriation to meet an existing legal obligation; and we have repeatedly held that an inadequate appropriation affects no legal right.
(Graham’s Case, 1 C. Cls. R.., 380; Collins's Case, 15 ibid., 22; Briggs's Case, ibid., 48; Freedman's Savings and Trust Co.'s Case, ante, p. 19.)
The demurrer to the petition is overruled.
Nott, J., was not present at the submission of the demurrer in this case, and took no part in its decision.