Weldon, J.,
delivered the opinion of the court:
Under the provisions of the act of Congress approved March 4,1879, entitled “An act providing for an additional associate justice of the supreme court of the Territory of Dakota,” Jefferson P. Kidder was, on the 2d day of April, 1879, appointed as an additional associate justice of said court, and held the office until the 30th of June, 1880, a period of a year and a. quarter less one day. For that time he was paid at the rate of $2,600 per annum; and his executor brought this suit to recover the sum of $498.89, claiming that the compensation of the decedent was at the rate of $3,000 per year. The act under which the appointment was made (20 Stat.L., 473) provides, as follows:
*47 “ Sec. 1. That hereafter tlxe supreme court of the Territory of Dakota shall consist of a chief justice and three associate justices, any three of whom shall constitute a quorum.
“ Sec. 2. It shall be the duty of the President to appoint an additional associate justice of said supreme court, in manner now provided by law, who shall hold his office for the term of four years, and until his successor is appointed and qualified.”
The act contained no provision in reference to the pay of the justice to be appointed, but section 1879 (Bev. Stat., 331) provided that “ the annual salary of the chief justice and associate justices of all the Territories now organized shall be three thousand dollars each.”
On the 20th of June, 1879, a joint resolution was passed, entitled “ Joint resolution to repeal certain clauses in the sundry civil appropriation act approved March 3, 1879, and for other purposes,” approved June 20, 1879 (21 Stat. L., 51, 52). Said resolution, amongother provisions, contains:
“That the following sums be, and are hereby, appropriated, out of any money in the Treasury not otherwise appropriated, for the purposes namely:
“ For salary of an additional associate justice of the supreme court of the Territory of Dakota, appointed under act of Congress approved March 3, 1879, from the date of his appointment to the 30th day of June, 1879, the sum of $680, or so much thereof as may be necessary.”
For the fiscal year beginning July 1, 1879, and ending June 30, 1880, the salary was appropriated by the legislative, executive, and judicial appropriation act of June 21, 1879 (21 Stat. L., 23). The second section of said act is as follows:
“ Sec. 2. For salaries of certain offices created by acts of 1879, and for certain expenses rendered necessary by the removal of the offices of the War Department and of the Navy Department, and for matters heretofore provided for in other acts, and for the mints and assay offices, and for other purposes, the following additional sums are hereby appropriated out of any money in the Treasury not otherwise appropriated:
“ GOVERNMENT IN THE TERRITORIES.
“ For salary of an associate judge in the Territory of Dakota, $2,600.”
In addition to these statutes the act of June 19,1878, making appropriations for the legislative, executive, and judicial expenses of the government for the fiscal year ending June 30, 1879, provided that the governor, chief justice, and two asso- *48 date judges of said Territory shall each receive the sum of $2,COO (U. S. Stat., vol. 20, 193). At the time of the appointment of the decedent the statute of June 19, 1878, had fixed an amount to be paid each of the justices of the Territory at $2,600 for the fiscal year ending June 30, 1879; the joint resolution provided that the sum of $680, “or so much thereof as might be necessary,” should be appropriated to pay the salary of an additional justice from the.date of his appointment to the 30th of June, 1879; and upon the 21st of June, 1879, the legislative, executive, and judicial appropriation act provided that for the salary of an associate judge in the Territory of Dakota there be appropriated the sum of $2,600.
The question presented by this record is, What salary did Congress intend to pay the additional justice provided by the act of March 3, 1879"!
The compensation was not provided in the act authorizing the appointment, and we must look to other sources to determine tire amount. It is contended by the petitioner that $3,000 is the annual salary; by the counsel for the government that $2,600 is the legal emoluments of the office.
To hold with the claimant we must assume that, in making the appropriations in the act of 1878, the joint resolution of 1879, and the act of 1879, quoted above, Congress intended the appropriations of those acts as mere payments or installments on the salary, reserving the right to the incumbent to be paid the $3,000 provided by section 1879. At the time of the appointment the sum appropriated to be paid to the justices of the Territory then in existence out of the appropriation of the current year was $2,600; the joint resolution of June 20,1879, specified the sum of “$680, or so much of it as might be necessary,” and the act of June 21 appropriated the sum of $2,600.
A case very much like the one at bar has been adjudicated by the Supreme Court (United States v. Mitchell, 109 U. S. R., 146). The question in that case was whether section 2070, Revised Statutes, was suspended by the appropriation act during the period for which the claimant demanded payment under the general law; and it was held by the court that such was the legal effect of the acts appropriating money to be paid the petitioner. The court said:
“ The whole question depends on the intention of Congress as expressed in the statutes. Whether a simple failure by Con *49 gress to appropriate any or a sufficient sum to pay the salary of an officer fixed by previous law is of itself an expression of purpose by Congress to reduce the salary, we do not now decide.”
In this case Congress, in two’appropriation acts,- specifically provides the sum of $2,600 to be paid the decedent, and in the joint resolution appropriated less than at the rate of $3,000 per annum.
The associate justices appointed before the act of 1879 providing an additional justice received at the rate of $2,600 per annum after the act of June, 1878, and if a greater amount were allowed the decedent it would be in excess of those judges.
In view of the statute last mentioned, in force at the time of the appointment, the joint resolution providing less than at the rate of $3,000 per annum, and the appropriation act of June, 1879, we are constrained to the conclusion that it was the purpose of Congress to pay at the rate of $2,600-per annum; and the decedent having been paid on that basis, it is the judgment of the court that the petition be dismissed.