Davis, J.,
delivered the opinion of the court:
In 1862 provision was made for a diplomatic post in the Republic of Hayti, the salary being fixed, by reference to the Diplomatic and Consular Act of 1856 (11 Stat. L., 52), at $7,500 a year. This legislation w^is in effect repeated in the Revised Statutes and recognized in the several appropriation bills from the establishment of the post to the year 1882, when $5,000 was allowed as salary; this sum only was appropriated in the succeeding years. The claimant from 1877 to 1885 was minister resident, and consul-general at Port-au-Prince, and now claims the difference between $7,500 and $5,000 per annum for the period during which he occupied the post after the appropriation act of 1882 took effect.
The act of 1862 (12 Stat. L., 421) and the later act of 1866 (14 Stat. L., 225) are in effect incorporated in that section of the Keffised Statutes (1683) which provides for a minister resident and consul-general to Hayti, “ who shall be entitled to a salary of seven thousand five hundred dollars a year,” so that, but for subsequent legislation, no doubt could existas to the claimant’s right to recover. The force of the several appropriation acts of 1882, 1883, 1881, and 1885, therefore, becomes vital, and we have to decide whether they repealed the existing statutory provision for this post, or simply operated in law as an insufficient provision for a salary legally due.
These acts are substantially the same in phraseology, follow *12 ing the usual form. Those of 1882 and 1883 opeu with the clause—
“ That the following sums be, and they are hereby, appropriated for the service of the fiscal year [ending on the 30th of the succeeding June], out of any money in the Treasury not otherwise appropriated, for the objects hereinafter expressed, namely.”
There are some verbal changes of this clause in the acts of 1884 and 1885, which, however, do not alter its meaning or effect. Following this come the numerous specific appropriations, among them one for “ ministers resident and consuls-general to Liberia, Hayti [and other countries], at $5,000 each.”
In neither act is there any repealing clause, such as is often found in similar legislative proceedings, as, notably, in the diplomatic and consular appropriation acts of 1878 and 1879, and this court has frequently held that an insufficient appropriation does not, alone, discharge existing- legal liabilities'. In one case (French’s, 16 C. Cls. R., 419) Congress appropriated but $3,000 to pay a salary fixed by law at $5,000, and the court decided that such an appropriation, with no declaration that the sum should be in “ full compensation,” and “ with no clause repealing acts inconsistent or in conflict” with the provisions of the appropriation act did not affect the claimant’s right to the salary established by law. (Freedman’s Bank Case, 16 C. Cls. R., 29 ; Graham’s Case, 1 id., 380; Dyer’s Case, 20 id., 171; Collins’s Case, 15 id., 22 ; Briggs’s Case, id., 48.)
The legislative department of the. Government could have reduced the compensation to be received by the incumbent of the post at Port-au-Prince, but could only do so by such action as worked a repeal of existing la w. Nothing to that effect appears in the appropriation acts now under examination, and unless we should hold that a naked appropriation of money, less than that called for by a statute, by itself repeals that statute, the contention of the defendants in this case cannot be sustained. It has been the custom of Congress, when desiring by appropriation bill to reduce salaries fixed by law, to include a repealing clause, or at least a clause to the effect that the salaries set out in the bill shall be taken “in full satisfaction.” No such clause, and nothing indicating such an intention on the part of Congress, appears in these acts.
*13 The law does not favor a repeal by implication or a resort to the proceedings prior to the passage .of a bill where the language is not ambiguous. Yet, if we turn to the intent of the legislative branch of the Government, as we are urged to do by the defendants, and in ascertaining that intent examine the proceedings of Congress, it appears that a repealing clause was attached to one bill at least — that for 1884-1885 — by the House of Representatives, but failed to become part of the law as finally approved, thus negativing, as to that act, any assumed desire to interfere with existing statutory rights. (Cong. Rec., 48th Cong., 1st sess., part 4, p. 4195, and part 5, p. 4953 ; 23 Stat. L., 227-236.)
The salary of the post was specifically fixed over twenty years ago; it was in effect confirmed by the Revised Statutes and by the acts of 1878 and 1879, and the acts since 1881, not having repealed these provisions of the law, must be held to have simply made an insufficient appropriation to fulfill a statutory demand.
Public officers in accepting their positions have a right to rely upon the salary fixed by permanent general laws, and are not to be cut off by insufficient annual appropriations unless accompanied by a repeal of the permanent law either expressly or by the clearest implication.
Judgment will therefore be entered in favor of the claimant for the sum of $7,666.66.