Peelle, J.,
delivered the opinion of the court:
The claimant seeks to recover the difference between $3,000 (the salary of the Indian inspector under Revised Statutes, sections 2043 and 2044) and $2,500, the amount he was paid under the terms of appropriation acts for such service from July 1, 1894, to January 20, 1895.
The Revised Statutes referred to provide:
“ Sec. 2043. There shall be appointed by the President, by and with the advice and consent of the Senate, a sufficient number of Indian inspectors, not exceeding five in number, to perform the duties required of such inspectors by the provisions of this title. Each inspector shall hold his office for four years, unless sooner removed by the President.
“Sec. 2044. Each inspector shall receive an annual salary of three thousand dollars and his necessary traveling expenses, not exceeding ten cents a mile for actual travel while in the discharge of his duty, a statement of which expenses as to each inspector shall accompany the annual report of the Secretary of the Interior.”
By the act of March 3, 1875 (18 Stat. L., 420, 422), making-appropriations for the current and contingent expenses of the *121 Indian Department for the year ending June 30,1876, it was, among other things, provided:
“For pay of three Indian inspectors, at three thousand dollars each, nine thousand dollars: Provided, That after the commencement of the next fiscal year there shall be but three inspectors; and the provision of law requiring that each agency shall be visited and examined by one or more of the inspectors at least.twice in each year is hereby repealed.”
That proviso to the act is set forth in the Supplement to the Revised Statutes as permanent legislation (1 Supp. Rev. Stat., p. 79), and so we hold it to be.
Thus the law continued until the act of May 11, 1880 (21 Stat. L., 114, 116), when, by like appropriation for the year ending June 30, 1881, it was, among other things, provided, “for pay of five Indian inspectors, at three thousand dollars per annum each, fifteen thousand dollars.”
Thereafter five Indian inspectors were appointed and paid $3,000 each per annum until, by the act of August 15, 1894 (28 Stat. L., 286, 288), making appropriations for the current and contingent expenses of the Indian Department for the fiscal year ending June 30, 1895, it was, among other things, provided, “for pajr of five Indian inspectors, at two thousand five hundred dollars each, twelve thousand five hundred dollars.” Like appropriations were made for the years ending Juno 30, 1896, and June 30, 1897 (28 Stat. L., 878; 29 Stat. L., 823, etc.), so that since the appropriation act of August 15, 1894, Indian inspectors have been paid $2,500 per annum.
The claimant’s contention is that he is entitled to the salary of $3,000 per annum fixed by section 2044, although not one of the three inspectors definitely provided for by section 2043, as amended by the act of March 3, 1875, nor was he in succession thereto, but was in succession to one of the two additional inspectors authorized by the appropriation act of May 11, 1880.
The court recently had before it the question as to whether the three inspectors (or their successors) definitely fixed and authorized as aforesaid were entitled to the salary of $3,000 per annum under section 2044, or the sum of $2,500 appropriated therefor; and the court reached the conclusion that *122 under the decision in the case of John M. Langston v. United States, 118 U. S., 389 (affirming the decision of this court, 21 C. Cls. R., 10), the claimants, Providence McCormick (20968) and Edward Chambers Smith, administrator of the estate of Paul F. Faison, deceased (21353), they being two of the three inspectors so authorized by law, were entitled to $3,000 per annum, and judgment was awarded accordingly.
But we are not disposed to extend the rule announced in the Langston case so as to include those whose appointment and salary depend upon appropriation acts alone.
In that case in the Supreme Court it was said:
“While the case is not free from difficulty, the court is of opinion that, according to the settled rules of interpretation, a statute fixing the annual salary of a public officer at a named sum, without limitation as to time, should not be deemed abrogated or suspended by subsequent enactments which merely appropriated a less amount for the services of that officer for particular fiscal years, and which contained no words that expressly or by clear implication modified or repealed the previous law.”
The rule thus announced we held applied to the three inspectors whose appointment and compensation were fixed by sections 2043 and 2044 as amended by the act of March 8, 1875, the same as though only three inspectors had been provided for and appointed.
Now, to hold, where the Congress by the mere appropriation of money to pay additional inspectors not otherwise authorized, that such inspectors are entitled to have their rights determined by statutes which neither authorized their appointment nor fixed their compensation, would be a departure from the well-settled rules of interpretation.
On the other hand, conceding that the mere appropriation of money to pay the additional inspectors authorized their appointment, we see no inconsistency in the application of section 2045, defining their powers and duties.
Had the act authorized the appointment of two additional inspectors without making an appropriation to pay, as in the Kidder case, cited bjr the claimant (20 C. Cls. R., 46), different questions would be presented. But in the present case we must hold that’ the act of May 11, 1880, merely making an appropriation for the pay of five inspectors, did not have *123 the effect to enlarge or amend the proviso to the act of March 11, 1875, fixing- the number of inspectors at three, and therefore the claimant’s compensation must be determined by the various appropriation acts, and having been paid the amount appropriated he is not entitled to recover, and his petition is therefore dismissed.