Whaley, Judge,
delivered the opinion of the court:
In the act of August 17, 1912, 37 Stat. 311, 313, Congress centralized all pension agencies in Washington and repealed the prior law, which provided agencies at a number of places throughout the United States. Among other provisions in the new plan, the Act provided for and created the office or position of Disbursing Clerk for the payment of pensions in the following language:
For salary of one disbursing clerk for the payment of pensions, to be selected and appointed by the Secretary of the Interior, at the rate of four thousand dollars per annum, during the last five months of the fiscal year nineteen hundred and thirteen, one thousand six hundred and sixty-six dollars and sixty-seven cents; and from and after the thirty-first day of January, nine *611 teen hundred and thirteen, there shall be one disbursing clerk in the Bureau of Pensions to be appointed as aforesaid and who shall receive a salary at the rate of four thousand dollars per annum; and section forty-seven hundred and seventy-eight of the Revised Statutes of the United States authorizing the appointment of agents for the payment of pensions, and section forty-seven hundred and eighty of the Revised Statutes of the United States, authorizing the establishment of agencies by the President of the United States are hereby repealed to take effect from and after the thirty-first day of January, nineteen hundred and thirteen, and the existing pension agencies are abolished from and after said date.
This act is definite in establishing a statutory office with a specific salary attached to it.
On May 9, 1921, the plaintiff was duly appointed by the Secretary of the Interior to the position of Disbursing Clerk for the payment of pensions and on May 13, 1921, took the oath of office and on May 16,1921, assumed the duties of disbursing clerk at the salary of four thousand dollars ($4,000) per year. From May 16, 1921, to the end of the fiscal year the plaintiff was paid and received the salary of the office at the rate of $4,000 per year.
The plaintiff continued as disbursing clerk for the payment of pensions and performed the duties of the office for the next three fiscal years but was paid salary at the rate of three thousand dollars per annum. This was due to the fact that in the appropriation acts of 1921, 1922, and 1923, making provision for the payment of salaries for the pension office, the Congress only provided three thousand dollars per annum for the salary of the disbursing clerk for the payment of pensions. 41 Stat. 1252, 1289; 42 Stat. 552, 580; 42 Stat. 1174,1202. After providing salaries for other positions in each of the above acts it says: “Disbursing clerk for the payment of pensions, $3,000 * *
This suit is brought under a special act of Congress which waives the statute of limitations and gives the plaintiff the right to sue for any unpaid part of his salary for the three years above stated. Private Act No. 158, 75th Congress, Chapter 354, First Session (50 Stat. 994).
*612 The plaintiff claims that he occupied a position the salary •of which was fixed by the authorization act, and that he is entitled to recover the difference between the fixed salary and the amount appropriated as salary for the position by the respective appropriation acts for the years in question.
An examination of the Appropriation Acts for the three years 1921, 1922, and 1923 shows that they do not contain .any repealing clause or any words which can be construed as an implied repeal of the Act of 1912, supra. There is no •clause that the amount was in full payment of the salary of the position. This court has held that, where an office is established by statute and has a specific salary attached to it, the legal incumbent is entitled to the salary, though Congress may appropriate a less amount. Thomas P. Smith v. United States, 37 C. Cls. 119.
The case of John M. Langston, which arose in this court and was taken to the Supreme Court and affirmed, is in all points similar to the instant case. In that case, United States v. John M. Langston, 118 U. S. 389, 394, the court said:
The salary of the minister to Hayti was originally fixed at the sum of $7,500. Neither of the Acts appropriating $5,000 for his benefit, during the fiscal years in question, contains any language to the effect that such sum shall be “in full compensation” for those years; nor was there in either of them an appropriation of money “for .additional pay”; from which it might be inferred that Congress intended to repeal the Act fixing his annual salary at $7,500. Bepeals by implication are not favored. It can not be said that there is a positive repugnance between the old and the new statutes in question. If by any reasonable construction they can be made to stand together, our duty is to give effect to the provisions of each.... Chew Heong v. United States, 112 U. S. 536, 549; State v. Stoll, 17 Wall. 425, 430; Ex parte Yerger, 8 Wall. 85, 105; Ex parte Crow Dog, 109 U. S. 556, 570.
Concluding its opinion the Court said:
While the case is not free from difficulty, the court is of opinion that, according to the settled rules of interpretation, a statute fixing the annual salary of a public officer at a named sum, without limitation as to time, *613 should not be deemed abrogated or suspended by subsequent enactments which merely appropriated a less amount for the services of that officer for particular fiscal years, and which contained no words that expressly or by clear implication modified or repealed the previous law.
The principle announced in the case of Langston v. United States, supra, was quoted with approval and followed in the case of United States v. Vulte, 233 U. S. 509, 515, where the Court said:
The exceptions, it is to be remembered, were in appropriation acts, and no words were used to indicate any other purpose than the disbursement of a sum of money for the particular fiscal years. This court has had occasion to deal with such instances of legislation and their intended effect on existing law. In United States v. Langston, 118 U. S. 389, 394, it was decided that a statute which fixed the annual salary of a public officer at a designated sum without limitation as to time is not abrogated or suspended by subsequent enactments which merely appropriate a less amount for that officer for particular years, and which contained no words that expressly or by clear implication modified or repealed the previous law. See also Minis v. United States, 15 Pet. 423, 445, where it is said: “It would be somewhat unusual to find engrafted upon an act making special and temporary appropriation any provision which was to have a general and permanent application to all future appropriations. Nor ought such an intention on the part of the legislature to be presumed, unless it is expressed in the most clear and positive terms, and where the language admits of no other reasonable interpretation.” This follows naturally, from the nature of appropriation bills, and the presumption hence arising is fortified by the rules of the Senate and House of Eepresentatives.
The ruling in the Langston and Minis cases is not opposed by the cases cited by the government. In all of them there was something more than the mere omission to appropriate a sufficient sum. There were expressions indicating a broader purpose. In two of them, United States v. Fisher, 109 U. S. 143, and United States v. Mitchell, 109 U. S. 146, it was intimated that the law was only suspended for the particular years. In another, Wallace v. United States, 133 U. S. 180, it was held that the appropriation constituted the law *614 which prescribed the compensation of the office. And in all of them the Langston case was referred to and not disturbed or modified.
The salary of the office was specifically fixed by statute creating the position and the acts of 1921, 1922, 1923, not having repealed this provision of the law, must be held to have simply made an insufficient appropriation to fulfill a statutory demand. The plaintiff is entitled to recover the sum of $3,000. It is so ordered.
Williams, Judge; Littleton, Judge; Gkeen, Judge; and Booth, Chief Justice, concur.