Whaley, Judge,
delivered the opinion of the court:
This action is brought to recover the difference in salary of $4,500 and $6,000 from December 1,1935, to April 1,1936.
The parties have stipulated the facts. The facts show that the plaintiff was employed by the National Recovery Administration in October 1933 as assistant counsel, at a salary of $4,400 (gross $5,180) per annum, and on March 1, 1934, his gross salary was increased to $6,000 per annum.
The National Recovery Administration was especially exempted from the Classification Act of 1923 and the Civil Service Laws. On May 27, 1935, the Supreme Court decided in the Schechter case, 295 U. S. 495, that certain sections of the National Industrial Recovery Act were unconstitutional. After this decision the President directed the Administrator of the National Recovery Administration to reduce the number of employees in the National Recovery Administration to that number necessary to perform the duties particularly prescribed. (Executive Order No. 7075.) The reduction of the force necessitated the discharge of many of the employees. Under this Executive Order the salaries of those employees retained were required to be reduced by 25% and the employees classified according to their changed responsibilities.
Plaintiff was notified of the reduction of his salary from $6,000 to $4,500, to commence on December 1,1935. He protested in person and by letter. In December 1935, plaintiff was assigned as a loan employee to the Federal Trade Commission, and performed work in that capacity for the Commission until April 1, 1936. He was not on the roll of the Federal Trade Commission but remained as an employee of the National Recovery Administration and was paid from funds of that Administration to the first of January 1936. On that date the President, by Executive Order, terminated the National Recovery Administration as of April 1, 1936, and transferred its then activities to the Department of Commerce. From that time on, plaintiff was paid from funds of the Department of Commerce, allocated to it by *530 the Budget Bureau for the pay of services of employees of the National Recovery Administration. On February 5, 1936, the Federal Trade Commission was notified by the Secretary of Commerce that the National Recovery Administration would be liquidated as of April 1, 1936.
Plaintiff received pay at the rate of $4,500 per annum from December 1, 1935, to March 31, 1936, and on April 1, 1936, was transferred and placed on the Federal Trade Commission roll as an employee of that Commission.
The sole question in this case is the right of the Administrator of the National Recovery Administration to reduce plaintiff’s salary on December 1, 1935, to $4,500 per annum. The position occupied by the plaintiff was administrative, not within the classified service, nor under the law of the Civil Service Commission. Both his salary and term of ofiice were within the discretion of the Administrator. Neither his office nor his salary was fixed by, statute.
In Miller v. United States, 86 C. Cls. 609, we held that where the salary of an office was specifically fixed by statute creating the position and an insufficient appropriation had been made by Congress to fulfill the statutory demand, recovery could be had for the difference between the amount appropriated and that which was called for in the statute.
In the case before us, the creation of the positions, the appointments to them, and the fixing of the salaries were solely within the discretion of the Administrator. The facts show that plaintiff was increased in salary and subsequently decreased.
An act of Congress having left it solely within the discretion of the Administrator to appoint, fix the term of office and the salary to which each appointee shall be entitled, and that discretion having been exercised, it is not reviewable by the court. We can find no regulation, law, or constitutional provision which entitles the plaintiff to recovery or which gives this court power to review the action of the Administrator in exercising his discretion in carrying out the orders of the Executive.
The petition is dismissed. It is so ordered.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Ghief Justice, concur.