Casey, C. J.,
delivered the opinion of the Court.
The claimant’s petition alleges that he is a laborer in the office of the Commissioner of Public Buildings, and, as such, was continuously in the employ of the United States since the first day of July, 1856, *381 to the thirtieth day of September, 1864, the day of the filing of his petition.
That, by a joint resolution of Congress, No. 18, approved August 18, 1856, (11 Stat., 145,) it was provided “that all laborers in the employment of the government, in the executive departments and on the public grounds, in the city of Washington, shall receive an annual salary of six hundred dollars each, from and after the first day of July, eighteen hundred and fifty-six.”
That the claimant, nevertheless, has not received the salary so fixed by said act; but has received a smaller rate of compensation, to wit, four hundred and thirty-eight dollars per annum.
The reasons why payment to him, in accordance with the joint resolution above cited, has been refused, are twofold: 1st. Because it was alleged that his salary had been fixed by a clause in the act of same date — 18th August, 1856 — “making appropriations for the legislative, executive, and judicial expenses of government for the year ending thirtieth June, eighteen hundred and fifty-seven,” as follows: “For compensation to the laborer in charge of the water-closets in th.e Capitol, three hundred and sixty-five dollars, aud twenty per cent, thereon, per act twenty-second April, one thousand eight hundred and fifty-four, making together four hundred and thirty-eight dollars.”
In the same act, appropriations are made for the payment of laborers in the various executive departments and on the public grounds, all at less sums than the amount allowed by this joint resolution ; yet they have been held entitled to the increased compensation provided by the joint resolution above cited. This distinction was predicated on the ground that they were clearly laborers in executive departments, but that the Commissioner of Public Buildings was no part of an executive department. This we think is a mistake. We have only three kinds of officers — legislative, judicial, and executive. Clearly, he does not belong to either of the former classes, and therefore must be of the latter. His functions, powers, and duties are not in any sense legislative or judicial, but are purely of an administrative or executive character.
If, at any time, there could have been doubt upon that subject,it wras removed by the 9th section of the act of 3d March, 1849, (9 Stat., 395,) organizing the Department of the Interior. By this section, the office of the Commissioner of Public Buildings is, in effect, constituted a bureau of that department. The control reserved by Congress over the Capitol to the presiding officers of the respective houses was for *382 tlieir own convenience, and was necessary to prevent any clashing of authority, or interference with their occupation of the building for the purposes of legislation; bn t it docs'not, in any way, change the character of the functions of the Commissioner of Public Buildings.
Mr. J. D. McPherson for claimant.
Mr. J. B. Kerr, Deputy Solicitor, for the government.
The claimant’s case, in our opinion, comes clearly within the provisions of the joint resolution, and we find the balance due him to be one thousand three hundred and thirty-six dollars and fifty cents, and direct a judgment to be entered in his favor for that amount.