## BELL *v.* UNITED STATES.

### (*District Court, M. D. Alabama.* November 25. 1887.)

UNITED STATES COMMISSIONERS—DOCKET FEES.
>  Commissioners of the United States circuit courts are entitled to the same docket fees as are allowed clerks of such courts; and the proviso in the appropriation bill of August 4, 1886, excepting docket fees from the sum appropriated for the payment of commissioners, does not affect their right to such fees accruing in a subsequent year.

At Law.  On demurrer to petition for commissioner's fees, and upon the merits.

*Geo. H. Patrick,* for plaintiff.

*Geo. F. Moore,* Asst. U. S. Atty., for the United States.

BRUCE, J.  This is a suit brought under the recent act of congress approved March 3, 1887.  The plaintiff is a commissioner of the circuit court of the United States for the Middle district of Alabama, and claims that the amount sued for is due to him for services rendered by him as commissioner for and on behalf of the United States.  He charges that the amount sued for was included in accounts which, as such commissioner, he made against the United States, and which were verified by oath and duly presented to the proper court of the United States for Alabama, for approval, and that such accounts were duly approved by the court, and transmitted to the proper accounting officer at Washington, except one account not forwarded; and that the first comptroller of the treasury department disallowed a portion of his accounts so transmitted, as per his statements of differences which are submitted in evidence in the cause and referred to in the petition, and the reasons assigned therein apply to the account not forwarded.  To the petition the district attorney of the United States interposes a demurrer, and says that said accounts have been adjusted by the first comptroller of the treasury department; and that the reasons that induced the comptroller to disallow said items are sufficient in law to sustain his action.  The questions presented in this case are, with one exception, substantially the same as in *Barber* v. *U. S., ante,* 886, (decided at a former day of this term,) and that decision is approved and followed herein.

A further objection appears in this case, viz., the disallowance of fees for making dockets, indexes, etc., under sections 828, 847, Rev. St. U. S. The right of commissioners to charge and collect the same docket fees as clerks, was affirmatively decided by the supreme court of the United States, January 18, 1886, in *U. S.* v. *Wallace,* 116 U. S. 398, 6 Sup. Ct. Rep. 408.  The only authority relied upon to take this item out of commissioner's accounts thereafter is found in the proviso to the clause of the appropriation bill of August 4, 1886, excepting docket fees from the sum appropriated for the payment of commissioners.  Congress at the next session, failed to repeal or modify sections 828 or 847, or to continue the exception in the appropriation for the fiscal year 1887.

The docket fees charged in this suit accrued in the year 1887. If the act of August 4, 1886, had the effect, as is claimed by the comptroller, to suspend section 828, such suspension was but temporary, applying only to fees earned during the fiscal year 1886, and could not affect fees for services in a subsequent year. The appropriation of an insufficient sum for services in any particular fiscal year does not abrogate or suspend the general law, no words being used that, expressly or by implication, repeal such general law. *U. S.* v. *Langston,* 118 U. S. 389, (394,) 6 Sup. Ct. Rep. 1185. Judgment will therefore be entered in favor of the plaintiff for the sum of $630.65, with interest from date, together with the costs to be taxed.

NOTE. In this case the appeal taken by the United States was argued and dismissed in the United States circuit court for the Middle district of Alabama, at Montgomery, July 16, 1888.