Peelle, J.,
delivered tbe opinion of tñe court:
The question presented in this case arises on the defendants’ motion to dismiss the petition for want of jurisdiction, and for reasons therefor they say that prior to the filing of the petition in this court “the claimant did not render any account of the fees and charges claimed in said petition to the Attorney-General for examination under his supervision and for final audit bjr the Treasury Department according to the provisions of the act of July 31, 1894 (2 Supp. R. S., 218; 28 Stat. L., 210), as required by the act of June 27, 1898 (30 Stat. L., 495), nor has said claimant yet done so;” and that by reason thereof, and particularly by reason of the act of June 27,1898, supra, the court is without authority to determine and adjudge the cause of action set forth in the petition.
The defendants’ motion is in the nature of a plea to the jurisdiction, the sufficiency of which in law the claimant denies.
The claimant was a commissioner of the circuit court of the United States for the northern district of Georgia from January 19, 1894, to June 30, 1897; and during that period he made, pursuant to a rule of said court, divers entries on his docket in 426 criminal cases heard and decided by him, consisting of the names of affiants and their official position, if any; date of issuing warrants and by whom served; names of defendants and offenses charged; names of witnesses examined for the prosecution and defense; names of sureties and amount of bail; depositions taken in such cases, and the costs of marshal, witnesses, and commissioner, making in all 3,879 folios, at 15 cents per folio, amounting to $581.85, for which he made up a supplemental account.
His supplemental account thus made up was not presented to nor approved by the court, as required by the act of February 22,1875 (18 Stat. L., 333), which provides, in substance, that commissioners shall verify their accounts and forward them to the district attorney in their respective districts for submission to the court for their approval.
While the approval of such accounts by the court establishes the fact of the rendition of such services, their failure to so verify and forward their accounts to the district attorney for the approval of the court did not deprive them of the *148 right to sue in the courts of the United States to recover therefor.
Following that act came the act of July 31, 1894, supra, section 13 of which provides:
“Before transmission to the Department of the Treasury the accounts of district attorneys, assistant attorneys, marshals, commissioners, clerks, and other officers of the courts of the United States, except consular reports, made out and approved as required by law, and accounts relating to prisoners convicted or held for trial in any court of the United States, and all other accounts relating to the business of the Department of Justice or of the courts of the United States other than consular courts, shall be sent with their vouchers to the Attorney-General and examined under his supervision.” * * * * *
And by section 14 it is provided that “in the case of claims presented to an auditor which have not had an administrative examination, the auditor shall cause them to be examined by two of his subordinates independently of each other. ”
From all of which it is evident that what the Congress intended was that before the accounts of the officers named in the act should be presented to the Treasury Department for audit and final settlement they should be submitted to the court for approval, and then be examined under the supervision of the Attorney-General; and if not examined under the supervision of the Attorney-General, it is made the duty of the Auditor before whom such accounts are presented to cause the same to be “examined by two of his subordinates, inde: pendently of each other.”
The purpose of such legislation is not difficult to understand, and had the mode there prescribed for such preliminary investigation and supervision of accounts been pursued, no further legislation would perhaps have been necessary; but evidently some of the officers failed to comply therewith. And as such failure did not deprive them of the right to sue in the courts of the United States, the Congress sought to remedy the seeming mischief by the act of June 27, 1898, supra, by which section 1 of the act of March 3, 1887 (24 Stat. L., 505), being the law defining the general jurisdiction of this court, was amended by adding thereto the following:
“Provided, That no suit against the Government of the United States, brought by any officer of the United States, *149 to recover fees for services alleged to have been performed for the United States, shall be allowed under this act, unless an account for said fees shall have been rendered and finally-acted upon according to the provisions of the act of July thirty-first, eighteen hundred and ninety-four (chapter one hundred and seventy-four, Twenty-eighth Statutes at Large, page one hundred and sixty-two), unless the proper accounting officer of the Treasury fails to finally act thereon within six months after the account is received in said office.”
As the Government can not be sued without its consent, the Congress may impose such conditions and restrictions to the right to sue as they see fit; and having, by the section of the act quoted, made the submission of the accounts of commissioners to the court for approval and their examination under the supervision of the Attorney-General prior to their transmission to the Treasury Department conditions precedent to the right to sue, such conditions must be complied with before the court can entertain jurisdiction, “unless the proper accounting officer of the Treasury fails to finally act thereon within six months after the account is received in said office,” in which event the effect of the provision is to supersede the necessity for such final action as a condition precedent to such right.
By the statutes thus enacted there has been established a s,ystem for the settlement of the accounts of officers of the courts for services rendered by them for the United States, the purpose of which manifestly was, first, to secure accuracy and uniformity in the administrative adjustment of such accounts, and, second, compliance with such statutes as conditions precedent to the right to sue on such accounts in case of their rejection or disallowance.
The claimant is an officer of the United States within the meaning of the act; besides, commissioners are specially named in both the acts of 1875 and 1894, mpra; the services claimed for are alleged to have been performed for the United States; and as no account therefor was ever presented to the court for approval, or examined under the supervision of the Attorney-General, or presented to the accounting, officers, as required by law, the court is without j urisdiction.
The claimant contends, however, on the authority of the Ostrander Case (Fifth Comptroller, 121), that without the *150 approval of the court, as required by the statute cited, “neither the Attorney-General nor the accounting officers of the Treasury have jurisdiction to examine or audit an account of a commissioner of the circuit court;” and that therefore it would have been a useless proceeding to have presented his account to those officers. That is to say, the claimant, by his own neglect in not having his account submitted to the court for approval, thereby obviated the necessity for departmental action as conditions precedent to the right to sue in this court.
The only exception stated in the act of 1898 is that if “ the proper accounting officer of the Treasury fails to fiwially act thereon within six months after the account is received in his office,” then, the other conditions having been complied with, the court may entertain jurisdiction.
For the purposes of our jurisdiction it is immaterial whether the account be approved or disapproved by the court, or what action may be had thereon by the Attorney-General and the accounting officers, so the statutory method be complied with and the account be finally acted upon by the proper accounting officer, within six months, as hereinbe-fore stated.
The Department Circular No. 127 (Third Comptroller, Appendix, 743), and the printed instructions of the Attorney-General to court officers, to which the claimant refers, whatever they may be, were of course for the guidance of the officers in those Departments; and however much their effect may be to deprive the officers of those Departments, on certain conditions, from considering such accounts, they can not in any way affect the jurisdiction of the court.
We are unable to fathom any reason why the statutes do not apply equally to supplemental accounts. On the contrary, we can understand why such accounts should be more closely examined, as regular accounts for services performed during the same period have been settled in the regular way and were presumably the only accounts such officer intended to present for services during that period.
For the reason stated the petition is dismissed.