Peelle, J.,
delivered the opinion of the court:
The petition in this case was dismissed for want of jurisdiction February 2, 1903. The question now arises on the claimant’s motioh for a new trial.
The claimant, a commissioner of the Circuit Court of the United States for the western district of North Carolina, from October 14, 1894, to June 30, 1897, sought to recover for services alleged to have been rendered during that period for hearing and deciding on criminal charges in various criminal cases, notwithstanding his accounts therefor had not been previously presented to the court and to the Attorney-General and the accounting officers of the Treasury, as provided by the act of February 22, 1875 (18 Stat. L., 333), and the act of July 31, 1894 (28 Stat. L.,«£10).
The first section of the act of 1875, after providing for the manner of presenting the accounts of clerks, marshals, and district attorneys to the court, and the action of the court, thereon, is as follows:
“United States commissioners shall forward their accounts,, duly verified by oath, to the-district attorneys of their respec *201 tive districts, by whom they shall be submitted for approval in open court, and the court shall pass upon the same in the mánner aforesaid.”
That is to say, “the court shall thereupon cause to be entered of record an order approving or disapproving the account, as may be according to law, and just.”
The same section further provides:
“And it shall be the duty of the clerk to forward the original accounts and vouchers of the officers above specified, when approved, to the proper accounting officers of the Treasury.”'
Under the provisions of that act, when the accounts of the officers named had not been submitted to the Circuit or District Court as therein required, the accounting officers declined to take jurisdiction, but that did not affect the jurisdiction of the courts to hear and determine such claims to judgment under the act of March 3, 1887.
Later Congress passed the act of July 31,1894 (28 Stat. L.,, 210), section 13 of which, so far as relates to the present case, is as follows:
“Sec. 13. Before transmission to the Department.of the Treasury, the accounts of district attorneys, assistant attorneys, marshals, commissioners, clerks, and other officers of the courts of the United States, except consular courts, made out and approved as required by law, and accounts relating* to prisoners convicted or held for trial in any court of the United States, and all other accounts relating to the business of the Department of Justice or of the courts of the United States, other than consular courts, shall be sent with their vouchers to the Attorney-General and examined under his supervision.” * * *
It is evident that the purpose of the acts of 1875 and 1894 was to protect the Treasury against unjust claims by requiring, as a condition of their being acted upon by the accounting officers, that they should first be acted upon by the court in the district where the services claimed for were rendered, and then be subjected to examination by the Attorney-General,, or under his supervision.
.Respecting those two acts, the court, in the case of Collins v. United States (35 C. Cls. R., 146, 148), said:
“The purpose of such legislation is not difficult to understand, and had the mode there prescribed for such preliminary *202 investigation and supervision of accounts been pursued no further legislation would perhaps have been necessary; but evidently some of the officers failed to comply therewith, and as such failure did not deprive them of the right to sue in the courts of the United States the Congress sought to remedy the seeming mischief by the act of July 27, 1898.” (30 Stat. L., 495.)
The latter act was an amendment by way of proviso to section 1 of the act of March 3,1887, defining the general jurisdiction of this court, as follows:
“ Provided, That no suit against the Government of the United States, brought by any officer of the United States, to recover fees for services alleged to have been performed for the United States shall be allowed under this act unless an account for said fees shall have been rendered and finally acted upon according to the provisions of the act of July thirty-first, eighteen hundred and ninety-four (chapter one hundred and seventy-four, Twenty-eighth Statutes at Large, page one hundred and sixty-two), unless the proper accounting officer of the Treasury fails to finally act thereon within six months after the account is received in said office.”
Referring to that act, the court in. the Collins case (supra) said:
“As the Government can not be sued without its consent, the Congress may impose such conditions and restrictions to the right to sue as they see fit; and having, by the section of the act quoted, made the submission of the accounts of commissioners to the court for approval and their examination under the supervision of the Attorney-General prior to their transmission to the Treasury Department conditions precedent to the right to sue, such conditions must be complied with before the court can entertain jurisdiction, ‘unless the proper accounting officer of the Treasury fails to finally act thereon within six months after the account is received in said office,’ in which event the effect of the provision is to supersede the necessity for such final action as a condition precedent to such right.
“By the statutes thus enacted there has been established a system for the settlement of the accounts of officers of the courts for services rendered by them for the United States, the purpose of which manifestly was, first, to secure accuracy and uniformity in the administrative adjustment of such accounts, and, second, compliance with such statutes as conditions precedent to the right to sue on such accounts in case of their rejection or disallowance.”
*203 The act of 1898, therefore, in express terras prohibits'this court from taking jurisdiction of such claims unless the account shall have been previously rendered and finally acted upon according to the provisions of the act of 1894, which latter act provides that before transmitting such accounts to the Treasury Department they shall be “made out and approved as required by law,” which means that before such accounts shall be transmitted to the Treasury Department for settlement they shall be made out and approved as’required by the act of 1875.
The difference between this case and the Collins case is that in the Collins case the claimant’s account was not presented to the Attorney-General as required by the act of 1894, and for that reason it was held that the court was without jurisdiction. In the present case at the time the claimant’s petition was filed, June 14, 1900, his accounts had not been presented to the Circuit or District Court, or to the Attorney-General or the accounting officers. In other words, at the time his suit was brought he had not complied with either the act of 1875 or 1894, and this action was therefore prematurely brought. Since that time, however, the claimant has presented his account to the Attorney-General, and that officer examined and referred the same to the accounting officers, who disallowed the same January 19, 1901. But even if this action had been commenced after disallowance of the claim by the accounting officers, the court, under the ruling in the Collins case, to which we adhere, would still be without jurisdiction.
The act of 1898 makes compliance with the act of 1875 and the act of 1894 conditions precedent to the jurisdiction of this court. Hence for the purpose of this case it is immaterial whether the claimant’s accounts were examined and passed upon by the Attornej’-General and the accounting officers before or after the bringing of this action, for in either case, his account not having been submitted to the Circuit or District Court for approval, as required by. the act of 1875, the court is without jurisdiction.
For the reasons stated the court is without jurisdiction, and the motion for a new trial is therefore overruled.