### ARCHBALD v. UNITED STATES.

(District Court, M. D. Pennsylvania. October Term, 1914.)

### No. 629.

1. COURTS (§ 425*)—FEDERAL COURTS—JURISDICTION OF DISTRICT COURT—CLAIMS AGAINST UNITED STATES—"FEES, SALARY, OR COMPENSATION."

   Jud. Code (Act March 3, 1911, c. 231) § 200, 36 Stat. 1146 (U. S. Comp. St. Supp. 1911, p. 214), creating the Commerce Court, provides that "each of the judges, during the period of his service in the Commerce Court, shall, on account of the regular sessions of the court being held in the city of Washington, receive in addition to his salary as Circuit Judge an expense allowance at the rate of $1,500 per annum." *Held,* that such expense allowance is not "fees, salary, or compensation" for official services, within the meaning of section 24, par. 20, of such Code, which excepts from suits against the United States, of which the District Courts are thereby given jurisdiction, "cases brought to recover fees, salary, or compensation for official services of officers of the United States."

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1130; Dec. Dig. § 425.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. UNITED STATES (§ 39*)—ACTIONS AGAINST—CONDITIONS PRECEDENT—SUIT
TO RECOVER "FEES."

A suit by a judge to recover such expense allowance is not within the meaning of Jud. Code (Act March 3, 1911, c. 231) § 145, par. 2, 36 Stat. 1137 (U. S. Comp. St. Supp. 1911, p. 199), which provides that no suit against the United States by an officer to recover "fees" shall be allowed "until an account for said fees shall have been rendered and finally acted upon as required by law," etc.

[Ed. Note.—For other cases, see United States, Cent. Dig. §§ 5, 24–28; Dec. Dig. § 39.*

For other definitions, see Words and Phrases, First and Second Series, Fees.]

At Law. Action by R. W. Archbald against the United States. On demurrer to petition. Overruled.

R. W. Archbald, Jr., of Philadelphia, Pa., for plaintiff.
Rogers L. Burnett, of Scranton, Pa., for the United States.

WITMER, District Judge. The plaintiff has filed his petition to recover from the defendant a balance of $587.84, "expense allowance" alleged to be due him when his services were ended, January 13, 1913, as an additional United States Circuit Judge for the Third Circuit, designated and serving until then as an Associate Judge of the Commerce Court. To the petition the defendant interposes a demurrer, alleging that, first, the court is without jurisdiction to entertain the suit; and, second, the petition does not allege presentation to and refusal of the claim by the proper accounting officer as required by law.

[1] The jurisdiction of the court is derived from section 24, paragraph 20, of the Judicial Code (Act March 3, 1911, 36 Stat. 1093), which provides that:

"The District Courts shall have jurisdiction, * * * concurrent with the Court of Claims, of all claims not exceeding ten thousand dollars, founded upon * * * any law of Congress * * * in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable: * * * Provided, however, that nothing in this paragraph shall be construed as giving to * * * the District Courts * * * jurisdiction * * * of cases brought to recover fees, salary, or compensation for official services of officers of the United States."

This is a re-enactment of section 2 of Act March 3, 1887, c. 359, 24 Stat. 505, amended by Act June 27, 1898, c. 503, § 2, 30 Stat. 494 (U. S. Comp. St. 1901, p. 753), with some changes not material here.

The point made by the first ground of demurrer is that this is a suit to recover fees, salary, or compensation for official services as an officer of the United States, jurisdiction of which by the District Courts is excluded by the first proviso of this section of the Judicial Code. It will be remembered, however, that the Commerce Court Act says that the sum sued for is an "expense allowance" in addition to salary "on account of the regular sessions of the court being held in the city of Washington."

The Commerce Court Act (Act June 18, 1910, c. 309, 36 Stat. 539 [U. S. Comp. St. Supp. 1911, p. 214]) says:

"Each of the judges during the period of his service in the Commerce Court shall, on account of the regular sessions of the court being held in the city of Washington, receive in addition to his salary as Circuit Judge an expense allowance at the rate of one thousand five hundred dollars per annum."

This allowance is not in any sense a compensation for services, but a reimbursement for moneys expended or to be expended by reason of the judges being compelled to live in Washington, D. C., stated in a lump sum for convenience. In the case of United States v. Swift, 139 Fed. 225, 71 C. C. A. 351, it is held, that a suit by a United States marshal for disbursements in procuring bailiffs is cognizable by the Circuit (now District) Court, as this is not "fees, salary, or compensation," within the meaning of the statute of June 27, 1898 (30 Stat. 494) then in force, the language of which is the same as that now under discussion—"fees, salary, or compensation for official services of officers of the United States." So, also, it was held in Benedict v. United States, 176 U. S. 357, 20 Sup. Ct. 458, 44 L. Ed. 503, that the sum of $300 per term, received by the judge of the Eastern district of New York for holding criminal court in the Southern district was not "salary" within the meaning of the act providing for the payment of "salary" after retirement.

[2] The second ground of demurrer, suggesting that the claim of the petitioner should have been first presented to the accounting officer of the treasury, is based on section 145, paragraph 2, of the Judicial Code, re-enacting section 1, Act March 3, 1887 (24 Stat. 505), amended by Act June 27, 1898 (30 Stat. 494), wherein it is provided:

"No suit against the government of the United States, brought by any officer of the United States to recover *fees* for services alleged to have been performed for the United States, shall be allowed under this act unless an account for said fees shall have been rendered and finally acted upon * * * unless the proper accounting officer of the treasury fails to finally act thereon within six months after the account is received in said office."

Having already decided that the "expense allowance" could not be regarded as compensation for services rendered, it is yet more apparent that this is not a suit to recover fees for services alleged to have been performed.

The demurrer will be overruled, and the defendant allowed to answer within 20 days from this date.