### ARCHBALD v. UNITED STATES.

(District Court, M. D. Pennsylvania.   October Term, 1914.)

#### No. 629.

1. JUDGES (§ 22*)—EXPENSE ALLOWANCE OF COMMERCE COURT JUDGES.

The provision of Judicial Code (Act March 3, 1911, c. 231) § 200, 36 Stat. 1146, that "each of the judges during the period of his service in the Commerce Court shall, on account of the regular sessions of the court being held in the city of Washington, receive in addition to his salary as Circuit Judge an expense allowance at the rate of one thousand five hundred dollars per annum," was not repealed by the failure of Congress to make an appropriation for the payment of such allowance after August 24, 1912, and the United States is liable to a judge for the amount accrued thereunder during the time of his subsequent service as a member of the court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 75–88, 179; Dec. Dig. § 22.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 302*)—JURISDICTION OF FEDERAL DISTRICT COURT—CLAIMS AGAINST UNITED STATES.

> A suit by a judge to recover such allowance is not within Judicial Code (Act March 3, 1911, c. 231) § 24, par. 20, 36 Stat. 1093 (Comp. St. 1913, § 991 [20]) which excepts from suits against the United States of which the District Courts are given jurisdiction "cases brought to recover fees, salary or compensation for official services of officers of the United States," and may be maintained in a District Court.

> [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 843, 986; Dec. Dig. § 302.*]

At Law. Action by R. W. Archbald against the United States. Judgment for plaintiff.

See, also, 217 Fed. 165.

R. W. Archbald, Jr., of Philadelphia, Pa., for plaintiff.
Rogers L. Burnett, U. S. Atty., of Scranton, Pa.

WITMER, District Judge. This case coming on to be heard on the proofs and allegations of the parties, and the plaintiff having established his claim by proof satisfactory to the court, the following facts are found from the evidence:

### Facts.

(1) The full name of the petitioner is Robert Wodrow Archbald, and he resides in the city of Scranton, county of Lackawanna, and said state of Pennsylvania.

(2) On December 12, 1910, Hon. William H. Taft, President of the United States, appointed the petitioner additional United States Circuit Judge from the Third Circuit, under and in accordance with the provisions of Act June 18, 1910, c. 309, 36 Stat. 539, commonly known as the "Commerce Court Act," and designated him to serve in the said Commerce Court for the term of four years, and on January 31, 1911, the said appointment was duly confirmed by the Senate of the United States, and the petitioner was thereupon commissioned as such Circuit Judge.

(3) On February 1, 1911, the petitioner took the required oath of office and thereupon entered upon his duties as additional United States Circuit Judge and Associate Judge of the said Commerce Court, and continued to perform the said duties until January 13, 1913, when he was impeached and removed from said office of Circuit Judge.

(4) It is provided by the first section of the said Commerce Court Act that each of the judges during the period of his services in the Commerce Court shall, on account of the regular sessions of the court being held in the city of Washington, receive, in addition to his salary as Circuit Judge, an expense allowance at the rate of $1,500 per annum.

(5) The expense allowance of the petitioner as judge of the Commerce Court was paid up to August 24, 1912, but not after that; Congress having made no appropriation to pay such allowance to any of the judges beyond that time.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(6) The amount of the expense allowance of the plaintiff from August 24, 1912, to and including January 13, 1913, at the rate of $1,500 per annum, is $583.45.

The conclusions of the court upon the questions of law involved in the case are as follows:

## Law.

[1] 1. The provisions of the Commerce Court Act with regard to the expense allowance of $1,500 per annum to each of the judges was not repealed, and remained in force during the time that the petitioner was a judge of the said court.

2. The petitioner having served as a judge of the Commerce Court until he was removed from office on January 13, 1913, was entitled to be paid the said expense allowance up to that time.

3. The failure of Congress to make an appropriation to pay the expense allowance to the judges of the Commerce Court beyond August 24, 1912, did not repeal the provisions of the Commerce Court Act with regard thereto. United States v. Langston, 118 U. S. 389, 6 Sup. Ct. 1185, 30 L. Ed. 164; United States v. Vulte, 233 U. S. 509, 34 Sup. Ct. 664, 58 L. Ed. 1071.

[2] 4. This court has concurrent jurisdiction with the Court of Claims of cases of this kind by virtue of section 24, paragraph 20, of the Judicial Code, this not being a suit to recover fees, salary, or compensation for official services. United States v. Swift, 139 Fed. 225, 71 C. C. A. 351; Benedict v. United States, 176 U. S. 357, 20 Sup. Ct. 458, 44 L. Ed. 503. See, also, opinion in this case overruling demurrer to petition, 217 Fed. 165.

5. This, being the district of the petitioner's residence, is the proper district in which suit should be brought (Act March 3, 1887, c. 359, § 5, 24 Stat. 506 [Comp. St. 1913, § 1575]); this section of the Act of 1887 not having been repealed by the Judicial Code.

6. The plaintiff is entitled to judgment for $583.45, and to recover the fees paid the clerk as costs. Act March 3, 1887, c. 359, § 15, 24 Stat. 508 (Comp. St. 1913, § 1143).

And now, to wit, December 5, 1914, the clerk is directed to enter judgment against the defendant and in favor of the plaintiff for the sum of $583.45, with costs.