*548 ON FIRST MOTION FOR NEW TRIAL
Whaley, Chief Justice,
on June 3, 1940, delivered the opinion of the court:
This case comes before the court on a motion for a new trial by the defendant on the ground teat tee decision in this case was based on the decision of the court in Dickerson v. United States, 89 C. Cls. 520, which was pending in the Supreme Court at the time of filing of said motion.
In the Dickerson case, supra, this court held teat where an Appropriation Act failed to provide for the salary of an officer, provided for in an Authorization Act, nevertheless the officer should recover.
In tee instant case the plaintiff on November 16, 1925, after having attained the statutory retirement age of sixty-four years, was placed on the list of the United States Navy as a Rear Admiral. Thereafter, on June 21, 1930, he was commissioned an Admiral on the retired list. On October 8,1937, he was ordered to report to the Assistant Secretary of the Navy for active duty as a member of the Advisory Board on Battleship Plans. He served on this Board from October 8, 1937, to February 8, 1938, and during the aforesaid period he was an officer with a dependent wife.
*549 Under the act of August 29, 1916, 39 Stat. 581, when a retired officer is called back to active duty he is entitled to' active duty pay and allowances. The reason plaintiff was not paid was because of the Appropriation Act of April 27, 1937, 50 Stat. 96,105, which stated in part as follows:
* * * and no part of such sum shall be available to pay active duty pay and allowances to officers in excess of nine on the retired list except retired officers’ temporarily ordered to active duty as members off retiring and selection boards as authorized by law.
There were nine officers called back to service ahead of plaintiff and plaintiff was not ordered to serve on “retiring or selection boards.”
Since rendering the first decision in this case, the Supreme Court has reversed this court in the Dickerson case holding that where an Appropriation Act prohibits the pay of an officer, which is provided for in the Authorization Act, the officer cannot recover (310 U. S. 554).
Under the decision of the Supreme Court in the Dickerson-case, supra, plaintiff is not entitled to recover.
The defendant’s motion is allowed; the former opinion of the court is withdrawn, the judgment vacated, and the special findings of fact stand.
Judgment is now rendered against the plaintiff in favor of the defendant.
It is so ordered.
Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.
ON PLAINTIFF’S SECOND MOTION FOR NEW TRIAL
Whaley, Chief Justice, on April 7, 1941, delivered the opinion of the court:
Pursuant to a court order granting permission, plaintiff on October 31,1940, filed a motion for a second new trial and to remand for the taking of additional testimony. The ground for the motion was newly discovered evidence to the effect that plaintiff was not the tenth officer on the retired list re *550 called to active duty during the fiscal year of 1988 but was in fact the ninth. Upon remand of the case to a commissioner, it has been found that from October 8,1937, to October 81,1937, plaintiff was the tenth officer on the retired list serving on active duty and that from November 1, 1937, to February 8, 1938, plaintiff was the ninth officer on said list.
Recovery was denied plaintiff in our opinion on the first motion for a new trial because he came within the provision of the Appropriation Act of April 27, 1937, 50 Stat. 96, 105, that no part of the appropriation should be available to pay active duty pay and allowances to officers in excess of nine on the retired list. See Dickerson v. United States, 89 C. Cls. 520. It now appears that for a part of the period of plaintiff’s claim he was in fact the ninth officer on said list. It follows from the above that plaintiff is entitled to recover for the period from November 1, 1937, to February 8, 1938, the difference between the amount actually paid him and the amount to which he is entitled under the Act of August 29, 1916 (39 Stat. 581), subject to the $7,200 limitation in the Act of June 10,1922 (42 Stat. 628, 629).
Finding 4 of the Special Findings of Fact will be withdrawn and in lieu thereof the court makes the following finding:
From October 8, 1937, to October 31, 1937, plaintiff was the tenth officer on the retired list temporarily ordered to active duty and from November 1, 1937, to February 8, 1938, plaintiff was the ninth officer on said list.
The plaintiff’s motion for a second new trial is granted; the opinion of the court on defendant’s motion for a new trial is modified to conform with the .findings of fact as now amended; and the former judgment is vacated.
Judgment is now rendered for the plaintiff, determination of the amount thereof to await the filing of a report, by the General Accounting Office as to the sum due in accordance with the findings and this opinion.
It is so ordered.
Madden, Judge; Jones, Judge; and Littleton, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.