Madden, Judge,
delivered the opinion of the court:
We have this c.ase on the Government’s demurrer to the plaintiff’s petition. The ground of the demurrer is that the suit is barred by the Statute of Limitations.
The plaintiff was an officer in the Army and was, under the Act of June 30, 1922, 42 Stat. 716, 721, 722, as amended by the Act of September 14, 1922, 42 Stat. 840, entitled to one *423 year’s pay upon bis discharge from the Army in connection with a reduction in personnel. However, the plaintiff had been a finance officer in the Army, and the Comptroller General of the United States charged him with a shortage of $49,612.18 in his accounts, the Comptroller General’s statement of settlement having been made on August 4,1926, according to the plaintiff’s brief and on July 22,1930, according to the Government’s brief. The plaintiff was not paid his one year’s pay and did not sue for it, apparently because he would have been met by a counterclaim for the amount of his alleged shortage. By Private Law 165, 78th Congress, enacted December 23, 1943, 57 Stat. 718, the plaintiff’s alleged shortage was forgiven. On April 10, 1944, the Comptroller General, pursuant to that statute, issued a second certificate of settlement showing no balance due from the plaintiff to the United States. The plaintiff filed his suit for his one year’s pay on August 19,1946.
To the apparent bar of the Statute of Limitations the plaintiff replies by urging that his cause of action did not accrue until April 10, 1944, when the Comptroller General issued his second certificate of settlement. He bases this argument upon Section 145 of the Judicial Code, 28 U. S. C. 250, which contains the following language:
The Court of Claims shall have jurisdiction to hear and determine the following matters:
* $ * * *
(2) Set-offs.
Second. All set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said courts: Provided, That no suit against the Government of the United States, brought by any officer of the United States to recover fees for services alleged to have been performed for the United States, shall be allowed under this chapter until an account for said fees shall have been rendered and finally acted upon as required by law, unless the General Accounting Office fails to act finally thereon within sis months after the account is received in said office.
The plaintiff says that since he could not have sued for his discharge pay until his accounts were settled by the Comp *424 troller General, the Statute of Limitations did not begin to run against his claim until April 10,1944, when they were last so settled.
The Government meets the plaintiff’s argument by contending (1) that Section 145 of the Judicial Code does not apply to a claim like that of the plaintiff, which is not a claim “to recover fees for services alleged to have been performed for the United States,” but is a claim for a statutory bonus or gratuity; (2) that even if Section 145 were applicable, the prerequisite settlement was made in 1930, and hence the six-year Statute of Limitations had run long before the plaintiff’s suit was filed in 1946.
We are inclined to think that Section 145 of the Judicial Code is inapplicable. The statutory history seems to bear out the Government’s contention. See House Report 325, 55th Congress, 2d session; 31 Congressional Record, 1731-2. Collins v. United States, 35 C. Cls. 146 and Archibald v. United States, 217 Fed. 165, relate to the scope of Section 145. But it is not necessary to decide whether Section 145 is applicable, since even if it is, the plaintiff’s claim is barred by the Statute of Limitations. The Comptroller General’s original settlement which, as we have seen, was made either in 1926 or in 1930, removed any impediment to a suit by the plaintiff for his discharge pay. There was, therefore, a delay of at least sixteen years before he filed his suit, and his suit is therefore too late. The second settlement of the Comptroller General issued in 1944 pursuant to a new statute, 'is surely not the action referred to in Section 145 of the Judicial Code.
It does not appear whether, when Congress in 1943 forgave the plaintiff’s alleged shortage in his accounts, it was aware of his unpaid claim for discharge pay. If Congress was so aware, it could easily, if it had wished to do so, have waived the Statute of Limitations and thus revived the claim. If Congress was not aware of his claim, we caimot treat it as having done what we think it probably would have done if it had been conscious of the question.
The Government’s demurrer is sustained and the petition is dismissed. It is so ordered.
Whitaker, Judge/ LittletoN, Judge; and JoNES,. Chief Justice, concur.